IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROY DEE APPLEGATE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:22-CV-250-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Roy Dee Applegate ("Petitioner") brings this action under 28 U.S.C. § 2254 challenging a disciplinary proceeding initiated against him for possession of a cell phone while incarcerated in the William P. Clements Unit of Texas Department of Criminal Justice, Correctional Institutions Division. (ECF 3). Petitioner has been granted permission to proceed in *forma pauperis*, (ECF 5), and Respondent has filed an Answer to the Petition. (ECF 22; ECF 23). For the reasons that follow, it is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that the Petition be dismissed.

On March 11, 2022. Petitioner was informed that he was cited for possession of a cell phone while in custody. (ECF 22 at 2). Following a hearing, Petitioner was found guilty and assessed a range of administrative disciplinary consequences. (*Id.* at 3). Petitioner now challenges the conviction and punishment on due process grounds. (ECF 3 at 6).

Fifth Circuit precedent is clear that revocation of commissary, recreation, or property privileges does not have due process implications. *Malachi v. Thaler*, 211 F.3d 953, 958–59 (5th Cir. 2000). Furthermore, because such revocations have no bearing on the fact or duration of confinement, they do not form the predicate for a habeas action. *Id.* In other words, the fact that

Petitioner does not possess a liberty interest in the deprived privileges forecloses habeas relief. This stands in contrast to Petitioner's 'good time' credit, in which he does possess such an interest. *Id.* However, Petitioner lost no such credit as a result of the instant disciplinary proceeding. (ECF 22 at 4). Accordingly, Petitioner's claim must be dismissed.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus filed by Petitioner Roy Dee Applegate be dismissed.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 21, 2023.

*LEE ANN RENO*
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district

court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).